Philip J. Sanzone, Esq. Attorney for the Town of Lee Fire District
You have requested our opinion concerning the relative responsibilities of the fire chiefs of two fire departments responding to a fire.
You have stated the facts as follows. In the Town of Lee Fire District there are several fire companies under contract to serve various areas of the district.* The Lee Center Volunteer Fire Company is located within the district and under contract with the district serves an area of the district. A portion of this contract area is also served under separate contract with the district by the Lake Delta Volunteer Fire Department, which is located outside of the fire district. Although outside the district, the Lake Delta Department is located close to this area. Thus, the contract ensures speedy response to a fire in this area.
Under the contract between the Town of Lee Fire District and the Lake Delta Volunteer Fire Department, a call for assistance is to be answered on a "first alarm response" by Lake Delta. Lake Delta is required to notify the Lee Center Volunteer Fire Department of their response to a call, and Lee Center is to respond with one piece of equipment and manpower, the nature of which is determined by the type of fire. Under the contract, the fire chief of Lake Delta is in charge of any calls within its contract area; otherwise the chief of Lee Center is to be in charge. You ask for our advice as to the responsibilities of the fire chiefs of these two departments under the terms of the contract and existing State law.
Under section 176-a of the Town Law, the chief of a fire department of a fire district, under the direction of the fire commissioner, has exclusive control of the members of the department at all fires and is responsible for supervision of fire equipment and apparatus. He is required to hold the members, officers and employees of the department strictly accountable for neglect of duties and may suspend them for improper conduct, subject to action by the commissioners at their next meeting (Town Law, § 176-a). When the fire department is on duty, no member of the board of fire commissioners may interfere with the duties of the chief (ibid.).
Thus, it is clear under State law that the fire chief of a fire department of a fire district exercises direct supervision over his crew and the equipment and apparatus at a fire. We have found no provision of law establishing the relative duties of the fire chiefs of two departments responding to a fire under contract.
In responding to fires, the chiefs of Lake Delta and Lee Center, respectively, are required by law to be in charge of their crews and their fire department's apparatus and equipment. In our opinion, a contract could not delegate this responsibility to one of the fire chiefs. However, we believe that the contract could provide guidelines to coordinate the response of the two fire departments at a fire, while ensuring that each chief remains in control of his crew and his department's apparatus and equipment. For example, one chief may be authorized to determine overall manpower and equipment needs, and each chief would direct his crew and equipment in accordance with that assessment. However, it is inappropriate for us to construe the provisions of your contract, since these were locally determined and we are not in a position to examine the intent of the parties.
We conclude that where two fire departments respond to a fire, the chief of each department remains in control of the crew and the apparatus and equipment of his fire department. The contract may, however, provide guidelines to coordinate the services of the two departments at the fire.
* The fire commissioners of a fire district are authorized to contract for fire protection with any city, village, fire district or incorporated fire company having its headquarters outside the fire district and maintaining adequate and suitable equipment for furnishing fire protection in the district, provided there is no fire company in the district or provided that in the judgment of the commissioners, the fire department of the district is unable to render adequate and prompt fire protection to the district or any area thereof (Town Law, § 176
[22]).